# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>    Defendant | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a/ Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against the above-named Defendant, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## THE PARTIES

1.  Plaintiff Blackbird Technologies is a company organized under the laws of Delaware, with its principal place of business located at 200 Baker Avenue, Suite 203, Concord, MA 01742.

2.  Defendant Feit Electric Company, Inc. ("Feit") is a corporation organized under the laws of California with its principal place of business located at 4901 Gregg Rd., Pico Rivera, CA 90660.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, title 35, United States Code §§ 100, *et sec*.

4. Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over Defendant because Defendant is subject to specific jurisdiction in the State of Delaware.  Defendant is subject to personal jurisdiction because Defendant or its agents have transacted business in Delaware by offering to sell and selling the Accused Products to customers in Delaware; caused tortious injury in Delaware by intentionally shipping Accused Products into Delaware; and/or placed the Accused Products into the stream of commerce with an intent to serve the Delaware market by marketing, offering to sell and selling the Accused Products in the United States, including through an interactive website (www.feit.com) through which consumers, including consumers in Delaware, can purchase the Accused Products, and through national retailers, such as Amazon.com, where Defendant maintains a storefront, without intending to exclude Delaware, and Costco Wholesalers, with multiple locations throughout Delaware.  The exercise of personal jurisdiction comports with Defendant's right to due process because, as described above, Defendant has purposefully availed itself of the privilege of conducting activities within Delaware such that it should reasonably anticipate being haled into court here.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) and because Defendant transacts business within this District and offers for sale and sells in this District products that infringe U.S. Patent No. 7,114,834.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,114,834

7. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8. On October 3, 2006, U.S. Patent No. 7,114,834 (the "'834 Patent") entitled, "LED Lighting Apparatus," a true and correct copy of which is attached hereto as "Exhibit A," was duly and legally issued by the U.S. Patent and Trademark Office. Blackbird Technologies is the owner by assignment of all right, title, and interest to the '834 Patent, including all right to recover for any and all past infringement thereof.

9. The '834 Patent is valid and enforceable.

10. Claim 1 of the '834 Patent recites, for example, a light comprising a housing, a plurality of LED lights coupled in an array inside said housing; a heat sink disposed in the housing and wherein the plurality of LED lights are disposed in the heat sink; and a dome-shaped reflector coupled to the housing, wherein the reflector is for reflecting light from said plurality of LED lights out of the housing.

11. Feit has in the past and continues to infringe literally, and/or under the Doctrine of Equivalents, at least claim 1 of the '834 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, LED light bulbs including, but not limited to, the 60 Watt Equivalent Dimmable G25 Bulb (Model No. G25/CL/650/LEDG2) and bulbs with substantially similar infringing features (the "Accused Products"), which are covered by at least claim 1 of the '834 Patent. Defendant's infringing activities violate 35 U.S.C. § 271.

12. Specifically, the Accused Products are lights comprising a housing. For example:



(photograph of Feit LED Dimmable G25 Bulb).

13. The Accused Products include a plurality of LED lights coupled in an array inside the housing. For example:



(photograph of Feit LED Dimmable G25 Bulb with outer glass bulb removed).

14. The Accused Products include a heat sink disposed in the housing, and wherein the LED lights are disposed in the heat sink. For example:



(photograph of Feit LED Dimmable G25 Bulb with outer glass bulb and inner reflector removed, showing LEDs disposed in heat sink).

15. The Accused Products include a reflector which is dome shaped, coupled inside the housing, wherein the reflector is for reflecting light from said plurality of LED lights out of said housing. For example:



(photographs of Feit LED Dimmable G25 Bulb with outer glass bulb removed, showing dome-shaped reflector above LEDs, and of dome-shaped reflector itself).

**Damages**

16. Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the '834 Patent.

17. Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '834 Patent.

18. As a consequence of Defendant's infringement of the '834 Patent, Blackbird Technologies is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

19. Upon information and belief, Defendant will continue to infringe the '834 Patent unless enjoined by this Court.

20. As a consequence of continued infringement of the '834 Patent by Defendant complained of herein, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement. Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendant to pay damages for past infringement of the '834 Patent and royalties for its infringement of the '834 Patent on a going-forward basis.

PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant as follows:

A. Adjudging that the '834 Patent is valid and enforceable;

B. Adjudging that Defendant has infringed the '834 Patent in violation of 35 U.S.C. § 271;

C. Awarding damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

D. Awarding Blackbird Technologies enhanced damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

E. Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

F. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages;

G. Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and all others in active concert therewith from future acts of infringing the '834 patent;

H. In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '834 patent on a going-forward basis; and

I. Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated: December 08, 2016 | STAMOULIS & WEINBLATT LLC |
| OF COUNSEL | */s/ Stamatios Stamoulis* |
| | Stamatios Stamoulis #4606 |
| Christopher Freeman |   stamoulis@swdelaw.com |
| cfreeman@blackbird-tech.com | Richard C. Weinblatt #5080 |
| Wendy Verlander |   weinblatt@swdelaw.com |
| wverlander@blackbird-tech.com | Two Fox Point Centre |
| Blackbird Tech LLC d/b/a | 6 Denny Road, Suite 307 |
| Blackbird Technologies | Wilmington, DE 19809 |
| One Boston Place, Suite 2600 | Telephone: (302) 999-1540 |
| Boston, MA 02108 | |
| 617.307.7100 | *Attorneys for Plaintiff* |
| | *Blackbird Tech LLC* |
| | *d/b/a Blackbird Technologies* |